**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**DILIAN NAYTE QUILEP-SANTOS**,

    Petitioner,

    v.                            Case No. 2:26-cv-02558-BCL-tmp

**CHRISTOPHER BULLOCK**,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

    Respondent.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS
CORPUS TO THE EXTENT OF REQUIRING BOND HEARING**

---

Petitioner Dilian Nayte Quilep-Santos filed a petition under 28 U.S.C. 2241, challenging her detention without a bond hearing on May 15, 2026. Doc. 1. The Court ordered Respondent to respond and, in that response, to address the effect of the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2006), on the proper disposition of this case. Doc. 6. Respondent responded that Petitioner is not entitled to relief because she was "encountered by U.S. Border Patrol Agents on the United States side of the U.S./Mexico border" on or about November 16, 2023, and at that time received a Notice to Appear. Doc. 10 at 2.

*Lopez-Campos* controls this case. In a series of orders issued before *Lopez-Campos* was decided, this Court concluded that the relevant statutes are best read in a way that is inconsistent with the rule announced by the Sixth Circuit in *Lopez-Campos.* But the Sixth Circuit has now held that 8 U.S.C. § 1226(a)—with its provision for bond hearings—applies to aliens "detained within the interior of the United States who never affirmatively applied for admission." 175 F.4th at 721.

1

Here, over two and a half years after her original encounter with authorities, Petitioner was detained within the interior of the United States (Tennessee) and the United States has neither argued nor shown that she affirmatively applied for admission.[1] Doc. 12 at 3. While the Court interprets the statutes differently, it is bound to follow the Sixth Circuit's holding in *Lopez-Campos*. *See Ramos v. Louisiana*, 590 U.S. 83, 124 n.5 (Kavanuagh, J., concurring in part) ("[V]ertical stare decisis is absolute."). Petitioner is thus entitled to a bond hearing.

In light of the Sixth Circuit decision in *Lopez-Campos*, the Court **ORDERS** that Respondent shall give Petitioner a bond hearing under 8 U.S.C. § 1226(a) within **ten** days of the date of this order or, in the alternative, release her from custody. The Court grants this relief for two reasons. First, Section 1226—the controlling provision according to the Sixth Circuit—itself only guarantees a bond hearing; it does not guarantee release. *Lopez-Campos*, 2026 WL 1283891, at *1; *see id.* at *13 ("[O]ur understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."). Petitioner has offered no persuasive justification for allowing her to obtain through the remedy of habeas corpus something more than that to which she is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make her case for release at a bond hearing. And, *second*, a bond hearing is in keeping with the principle of prudential exhaustion, in that it leaves it to the Executive Branch

---

[1] Respondent appears to center his analysis on the fact that Petitioner encountered immigration officials soon after illegally entering the United States—at which point she was released into the interior of nation, where she was eventually detained. That places this case within the scope of the Sixth Circuit's holding in *Lopez-Campos*, as discussed in the text. 175 F.4th at 721. At the very least, Respondent has not offered an explanation—as opposed to assertion—for why *Lopez-Campos* does not control.

to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to decide the issue under the framework the Sixth Circuit has now announced. *See Smith v. U.S. Sec. & Exch. Comm'n*, 171 F.4th 798, 811 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

## CONCLUSION

Plaintiff's Petition for Writ of Habeas Corpus is **GRANTED** to the extent that the Court **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten days** of the date of this order or, in the alternative, release from custody.

**IT IS SO ORDERED**, this 4th day of June, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE